UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HARLAN PRAUL,

    Plaintiff,

        v.                                    CAUSE NO. 3:25-CV-921-JTM-AZ

RON NEAL, et al.,

    Defendants.

OPINION and ORDER

Harlan Praul, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Praul is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Praul is an inmate at Indiana State Prison. He has been in the disciplinary segregation unit since December 2024. He claims the drinking water coming from the "spigot" in his cell smells of sewage and appears greyish brown in color. He claims

Warden Ron Neal and Deputy Warden Dawn Buss told staff not to drink the water in his unit and installed a water filtration system for staff, but not for inmates. Shortly after his arrival in the segregation unit, he developed a throat abscess, which he attributes to the water. He received emergency treatment at an outside medical facility and the condition improved. However, he claims to have recurring problems with his throat that are not being adequately treated by medical staff.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* The objective component asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that the act or omission of a defendant resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (citation and internal quote marks omitted). The denial of drinking water can satisfy this standard. *Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). Whether there was a constitutional violation is a matter of gradation, however. "[P]risoners are not entitled to Fiji Water on demand . . . [b]ut on the other end of the spectrum, a defendant cannot purposefully deny water until a prisoner is on the brink of death[.]" *Hardeman*, 933 F.3d at 823–24. On the subjective prong, "[d]eliberate indifference occupies a space slightly below intent and poses . . . an exacting standard requiring something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (citation and internal quotation marks omitted).

2

Praul claims that for nearly a year the drinking water in his cell has been visibly dirty and smells of sewage. He claims he has complained to Warden Neal, Deputy Warden Buss, and Hazard Safety Manager Deborah Taylor several times about the water, but nothing has been done to fix the problem. Accepting his allegations as true, he has alleged a plausible claim for damages against these individuals under the Eighth Amendment. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

He also sues Unit Manager Pam Bane and Lieutenant Hudson (first name unknown) because they are "in charge" of his unit. However, these officials cannot be held liable solely because of their positions. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is insufficient factual content from which the court can infer that these defendants were personally aware of the problem with the water in Praul's cell and deliberately turned a blind eye. He will not be permitted to proceed against these defendants.

Praul's complaint can be read to allege that he needs injunctive relief related to the alleged lack of clean drinking water. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with clean drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Praul will be allowed to proceed against the Warden in his official capacity for permanent injunctive relief related to the allegedly dirty water.

Inmates are also entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To allege a violation of this right, a prisoner must show (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As previously stated, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must demonstrate "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Furthermore, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). In effect, the Eighth Amendment protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

Praul alleges that he developed a serious throat abscess that required hospitalization. Although the condition improved, he claims to have had recurring flare-ups that cause him pain, difficulty swallowing, and other symptoms. He claims Nurse Practitioner Diane Thews and Dr. Nancy Marthakis were aware of his symptoms but refused to provide him any treatment during visits in July and September 2025, and Medical Director J. Selke allegedly ignored his written requests for medical care related to this issue. He has alleged enough to proceed further on a claim for damages against these medical providers.

The court also understands Praul to be seeking additional medical care for the recurring problem with his throat. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with constitutionally adequate medical care. *See Gonzalez*, 663 F.3d at 315. Praul will be allowed to proceed against the Warden in his official capacity for permanent injunctive relief to obtain medical care for his throat problem if he ultimately proves a violation of the Eighth Amendment.[1]

Finally, Praul sues Centurion Health, the private company that employs medical staff at the prison. A company cannot be held liable for damages simply because it

---

[1] He attaches documentation reflecting the fact that medical providers examined him several times during 2025 and found no abnormalities. (DE # 1-1 at 1-10.) During one such visit the provider noted that he had no fever, his oxygen levels were "good," and his vital signs were within normal limits. (*Id.* at 7.) Another provider referred him to see the dentist after he described problems with his mouth. (*Id.* at 10.) Further factual development may show Praul was provided with reasonable treatment, but at this stage the court must give him the benefit of all reasonable inferences, and he claims he has symptoms that are not being addressed. The court does not read the complaint to allege that Praul's medical situation presents an emergency, but if the court has misunderstood him he is free to seek additional relief in a new filing.

employs a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A company performing a public function may be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Praul alleges generally that Centurion has a policy of "denying or delaying care to save money." He does not elaborate on how this policy caused him injury, and merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). His complaint reflects that medical staff immediately sent him to the hospital when he first presented with the throat abscess, but in their view additional treatment was not warranted during later visits. This does not suggest the

6

existence of an unlawful policy or widespread practice at play, and at most suggests failings by three medical providers. He has not stated a plausible *Monell* claim.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Warden Ron Neal, Deputy Warden Dawn Buss, and Safety Hazard Manager Deborah Taylor in their personal capacity for money damages for failing to provide him with clean drinking water from December 2024 to the present in violation of the Eighth Amendment;

(2) **GRANTS** the plaintiff leave to proceed against Dr. Nancy Marthakis, Nurse Practitioner Diane Thews, and Medical Director J. Selke in their personal capacity for money damages for failing to provide him with adequate medical care for a throat problem from December 2024 to the present in violation of the Eighth Amendment;

(3) **GRANTS** the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for clean drinking water and adequate medical treatment as required by the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Centurion Health, Pam Bane, and Hudson as defendants;

(6) **DIRECTS** the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal, Deputy Warden Dawn Buss, and Safety Hazard Manager Deborah Taylor at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis, Nurse Practitioner Diane Thews, and Medical Director J. Selke at Centurion Health and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(8) **ORDERS** the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(10) **ORDERS** Warden Ron Neal, Deputy Warden Dawn Buss, Safety Hazard Manager Deborah Taylor, Dr. Nancy Marthakis, Nurse Practitioner Diane Thews, and Medical Director J. Selke to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

      **SO ORDERED.**

Date: December 4, 2025

    s/James T. Moody
    JUDGE JAMES T. MOODY
    UNITED STATES DISTRICT COURT